```
                    FILED
              U.S. DISTRICT COURT
              DISTRICT OF MARYLAND
```

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
**Northern Division**

```
              CLERK'S OFFICE
              AT BALTIMORE
```

EUGENE LENNEK, et ux.,

      Plaintiffs,    :

vs.                         :     Civil No.: JFM-00-1737

SCIMED Life Systems, et al.,   :

      Defendants.    :

## STIPULATION AND ORDER
## PROTECTING CONFIDENTIALITY
## <u>OF INFORMATION</u>

      IT IS STIPULATED AND AGREED by the parties to this action through their respective counsel and ORDERED by the Court that in connection with discovery in this action, any document or any information designated as "Confidential" information by the producing party shall be used, shown or disclosed only as follows:

      1.    "Confidential information" means a trade secret or other confidential research, development or commercial information.  <u>See</u> F.R. Civ. Proc. 26(c)(7); Local Rule 104.13.

      2.    Any party may designate any document or information contained in any response or answer to a request for production of documents, interrogatory, deposition or other discovery device, or any portion thereof, as "Confidential" information, so long as it believes in good faith that the document or information is within the scope of Rule 26(c)(7) of the Federal Rules of Civil Procedure.

      3.    Confidential information shall be made available only to "Qualified Persons" as defined by Paragraphs 4 and 5 of this Order who shall have read this Order and who shall agree to be bound by its terms. No other person shall have access to Confidential information without approval of the party producing the Confidential information or without approval of the Court, nor shall any such other person be informed of such Confidential information by any person having access to it.

      4.    Counsel for the inspecting party shall maintain a list of the names and addresses of all persons to whom Confidential information is disclosed. Upon Motion for good cause shown, and Court Order, counsel for the inspecting party shall make that list



available to counsel for the producing party, except at the conclusion of the case, when the list shall be made available upon simple request.

5.   "Qualified Persons" as used here means the parties, the Court and its officers, counsel of record, in-house counsel for the parties who are engaged in the preparation of this action for trial, and paraprofessionals, stenographic and clerical employees assisting such counsel who shall be informed by counsel of record of the provisions of this Order and shall agree to be bound by it by providing the written certification required by Paragraph 7 of this Order.

6.   Independent experts retained by any party may be included as "Qualified Persons" if they have executed the written certification required by Paragraph 6 of this Order.

7.   All persons to whom Confidential information is to be disclosed shall execute a certification in the form of the attached Exhibit A that they have read this Order and agree to be bound by its terms and conditions. An executed original of that certification shall be retained by counsel for the producing party and made available pursuant to the same procedures described in paragraph 3.

8.   Confidential information may be used solely for the purpose of this litigation and for no other purpose.

9.   Nothing contained in this Order shall prevent the use of Confidential information at trial or at depositions in this case, with appropriate safeguards. If such Confidential information is used in depositions, all portions of the transcripts of such depositions and exhibits thereto which refer or relate to such Confidential information shall be treated as confidential and the party introducing such Confidential information shall make arrangements with the reporter to bind the confidential portion of the transcript and exhibits separately and label it "Confidential." In addition, the deponent will be advised that pursuant to this Order, the deponent may not divulge any such Confidential information except to Qualified Persons.

10.   All documents containing Confidential information which are filed with the Court shall be filed in sealed envelopes or other appropriate sealed containers on which shall be endorsed the title of this action, an indication of the nature of the words "CONFIDENTIAL INFORMATION" and a statement substantially in the following form:

> "This envelope is sealed pursuant to order of the Court and contains information designated confidential in this case by [name of party] and is not to be opened and its contents are not to be displayed or revealed except by order of the Court or pursuant to stipulation of all parties to this action."

The envelope or container shall not be opened without further order of the Court except by Qualified Persons who shall return the document to the Clerk in a sealed envelope or container. The Clerk of the Court is directed to maintain such Confidential information in a separate portion of the Court files not available to the public.

11. If any party believes that any document or information that has been designated as "Confidential" should not be so designated, the following procedure may be utilized to obtain a ruling from the Court as to the specific document:

   A. The parties desiring to remove the protection of this stipulation and order from a specific document, shall, in a writing served on all parties, state the reason or reasons why they believe there is not good cause for such protection. the writing must clearly identify the disputed document.

   B. Within fourteen days after service of such a writing, producing party must file a memorandum of points and authorities with the court and show that good cause exists to include the specific document within the ambit of this stipulation and order.

If producing party fails to file a Memorandum of Points and Authorities with the Court within fourteen days after service of such writing, the matter is waived, and any document protected is removed from the protection of this stipulation and order provided, however, that the parties seeking to remove the document from the ambit of this stipulation and order has contacted counsel for producing party to insure that the writing described in subparagraph (a) was received.

The Court will entertain briefs in opposition and in reply, each to be filed within eleven days following service of the previous brief addressed to the issue.

Any protected document shall remain within the ambit of this stipulation and order unless and until the Court orders otherwise or the waiver described in subparagraph (c) has occurred.

12. In the event any party desires to disclose any Confidential information to any person other than Qualified Persons as defined in Paragraphs 4 and 5 here, counsel for that party shall give at least ten days' written notice to counsel for the party from whom the Confidential information was obtained, together with a particular description of each document or deposition testimony to be disclosed and the identity (name, address, and occupation) of each person to whom such disclosure is intended. The party from whom the Confidential information was obtained shall have ten days thereafter in which to notify counsel for the inspecting party of any objection to such disclosure.

13. In the event that the party from whom the Confidential information was obtained objects to the intended disclosure sought by counsel for the inspecting party, the

parties shall endeavor to negotiate all objections to disclosure. In the event negotiations fail to resolve objections, counsel for the inspecting party may petition the Court by letter with notice to other counsel for an order to allow disclosure, which disclosure shall otherwise be prohibited absent an order of the Court.

14.    Within ten days after the conclusion of this case, all documents and testimony designated or treated as Confidential information and all copies, and all notes or memoranda (and all copies) referring or relating to such Confidential information shall be returned to the counsel for the producing party unless necessary for appeal purposes. If any Confidential information is furnished under this Order to any expert or to any other person, the attorneys for the party retaining such expert or furnishing such Confidential information shall be responsible to insure that all Confidential information is returned to counsel for the producing party.

15.    The terms of this Order shall survive any final disposition of this case.

_____
Henry L. Belsky, Esquire
Schlachman, Belsky & Weiner, P.A.
20 S. Charles Street
Sun Life Building - 10th Floor
Baltimore, Maryland 21201
(410) 685-2022

_____
Michael T. Wharton, Esquire
Wharton, Levin, Ehrmantraut,
Klein & Nash
104 West Street
Annapolis, Maryland 21404
(410) 263-5900
*Counsel for the Defendants*

_____
Alan J. Belsky, Esquire
Suite 700
201 North Charles Street
Baltimore, Maryland 21201-4111
(410) 539-3070
*Counsel for the Plaintiffs*

SO ORDERED this ____ day of _____, 2000.

_____
J. Frederick Motz, Chief Judge,
United States District Court for the
District of Maryland, Northern Division

# EXHIBIT A

## Confidentiality Agreement and Affidavit

[Name of affiant], makes oath [or affirmation] and says:

1. I am a citizen of [city, state] and reside at [address].

2. I have been requested by counsel for [name of party] to provide the expert testimony or other assistance in this action.

3. I understand that in order for me to provide the expert testimony or other assistance requested, it will be necessary for me to examine confidential documents, or to be provided with information derived from the confidential documents as defined in the order protecting confidentiality of information dated [insert date of protective order].

4. I have received and read a copy of that protective order, and I fully understand its provisions. I understand and agree to be bound by the terms of that protective order, and to be personally responsible for preserving the confidentiality of documents and information in accordance with that protective order.

_____
[Name of Affiant]

## NOTARY PUBLIC'S CERTIFICATE

I, _____, hereby make oath [or affirmation] and say:

[Insert facts that are the subject of the affidavit in numbered paragraphs]

_____
[Name of affiant]

Sworn before me this _____ day of _____, 2000.

_____
[Name of Notary Public]          [SEAL]

My Commission expires: